John Du Wors, State Bar No. 233913
john@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone:  (206) 274-2800
Facsimile:   (206) 274-2801

Leeor Neta, State Bar No. 233454
leeor@newmanlaw.com
NEWMAN DU WORS LLP
150 California Street, Suite 2100
San Francisco, CA 94111
Telephone:  (415) 944-5422
Facsimile:   (415) 944-5423

Attorneys for Defendants
BioTrust Nutrition LLC and Joel Marion

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM SILVERSTEIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BIOTRUST NUTRITION LLC, a Texas limited liability company, JOEL MARION, an individual, MICHAEL PERSAUD, an individual, and DOES 1-50,<br><br>　　　　Defendants. | No. 13-07343-RGK-E<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JOEL MARION** |

Defendant Joel Marion answers Plaintiff's complaint as follows. Each numbered paragraph corresponds to the numbered paragraph in the complaint.

1. Answering Defendant DENIES the allegations in Paragraph 1.

2. Answering Defendant DENIES that either he or BioTrust Nutrition LLC hired Michael Persaud to send email. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the remainder of the allegations in Paragraph 2.

3. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 3.

4. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 4.

5. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 5.

6. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 6.

7. Answering Defendant ADMITS the allegations in Paragraph 7.

8. Answering Defendant ADMITS the allegations in Paragraph 8.

9. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 9.

10. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 10.

11. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 11.

12. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 12.

13. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 13.

14. Answering Defendant has insufficient information to form a belief as to

and therefore DENIES the allegations in Paragraph 14.

15. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 15.

16. Answering Defendant DENIES that either he or BioTrust Nutrition LLC hired Michael Persaud to send email. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the remainder of the allegations in Paragraph 16.

17. Paragraph 17 requires no response.

18. Paragraph 18 requires no response.

19. Paragraph 19 requires no response.

20. Answering Defendant does not understand what Plaintiff means by "a high degree of control" and therefore DENIES the allegations in Paragraph 20.

21. Answering Defendant DENIES the allegations in Paragraph 21.

22. Answering Defendant DENIES that Plaintiff has alleged actual and specific harm. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the remainder of the allegations in Paragraph 22.

23. Answering Defendant DENIES that Plaintiff has alleged actual and specific harm. Answering Defendant also DENIES that the emails at issue were "unlawfully relayed" to Plaintiff. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the remainder of the allegations in Paragraph 23.

24. Answering Defendant does not understand what Plaintiff means by "regularly solicit business" and therefore DENIES the allegations in Paragraph 24.

25. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 25.

26. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 26.

27. Paragraph 27 requires no response.

28. Paragraph 28 requires no response.

29. Paragraph 29 requires no response.

30. Paragraph 30 requires no response.

31. Answering Defendant DENIES the allegations in Paragraph 31.

32. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 32.

33. Answering Defendant DENIES the allegations in Paragraph 33.

34. Answering Defendant ADMITS that the website at thefatburninghormone.com is an advertisement for BioTrust Nutrition LLC. Answering Defendant DENIES the remainder of the allegations in Paragraph 34.

35. Answering Defendant DENIES the allegations in Paragraph 35.

36. Answering Defendant ADMITS the allegations in Paragraph 36.

37. Answering Defendant DENIES the allegations in Paragraph 37.

38. Answering Defendant DENIES the allegations in Paragraph 38.

39. Answering Defendant has insufficient information to form a belief as to whether the emails at issue contain the domain name, yahoo.com. Answering Defendant DENIES the remainder of the allegations in Paragraph 39.

40. Answering Defendant has insufficient information to form a belief as to whether the emails at issue contain "Delivered-To" headers. Answering Defendant DENIES the remainder of the allegations in Paragraph 40.

41. Answering Defendant DENIES the allegations in Paragraph 41.

42. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 42.

43. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 43.

44. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 44.

45. Answering Defendant has insufficient information to form a belief as to

1  and therefore DENIES the allegations in Paragraph 45.

2      46.  Answering Defendant has insufficient information to form a belief as to

3  and therefore DENIES the allegations in Paragraph 46.

4      47.  Answering Defendant has insufficient information to form a belief as to

5  and therefore DENIES the allegations in Paragraph 47.

6      48.  Answering Defendant has insufficient information to form a belief as to

7  and therefore DENIES the allegations in Paragraph 48.

8      49.  Answering Defendant has insufficient information to form a belief as to

9  and therefore DENIES the allegations in Paragraph 49.

10      50.  Answering Defendant has insufficient information to form a belief as to

11  and therefore DENIES the allegations in Paragraph 50.

12      51.  Answering Defendant has insufficient information to form a belief as to

13  and therefore DENIES the allegations in Paragraph 51.

14      52.  Answering Defendant has insufficient information to form a belief as to

15  and therefore DENIES the allegations in Paragraph 52.

16      53.  Answering Defendant has insufficient information to form a belief as to

17  and therefore DENIES the allegations in Paragraph 53.

18      54.  Answering Defendant has insufficient information to form a belief as to

19  and therefore DENIES the allegations in Paragraph 54.

20      55.  Answering Defendant has insufficient information to form a belief as to

21  and therefore DENIES the allegations in Paragraph 55.

22      56.  Answering Defendant DENIES the allegations in Paragraph 56.

23      57.  Answering Defendant DENIES the allegations in Paragraph 57.

24      58.  Answering Defendant DENIES the allegations in Paragraph 58.

25      59.  Paragraph 59 is a reincorporation and no response is required.

26      60.  Answering Defendant DENIES the allegations in Paragraph 60.

27      61.  Answering Defendant has insufficient information to form a belief as to

28  and therefore DENIES the allegations in Paragraph 61.

62. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 62.

63. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 63.

64. Answering Defendant DENIES the allegations in Paragraph 64.

65. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 65.

66. Answering Defendant has insufficient information to form a belief as to and therefore DENIES the allegations in Paragraph 66.

67. Answering Defendant DENIES the allegations in Paragraph 67.

68. Answering Defendant DENIES the allegations in Paragraph 68.

69. Answering Defendant DENIES the allegations in Paragraph 69.

70. Answering Defendant DENIES the allegations in Paragraph 70.

71. Answering Defendant DENIES the allegations in Paragraph 71.

72. Answering Defendant DENIES the allegations in Paragraph 72.

73. Answering Defendant DENIES the allegations in Paragraph 73.

74. Answering Defendant DENIES the allegations in Paragraph 74.

75. Answering Defendant DENIES the allegations in Paragraph 75.

76. Answering Defendant DENIES the allegations in Paragraph 76.

77. Answering Defendant DENIES the allegations in Paragraph 77.

78. Answering Defendant DENIES the allegations in Paragraph 78.

79. Answering Defendant DENIES the allegations in Paragraph 79.

80. Answering Defendant DENIES the allegations in Paragraph 80.

81. Answering Defendant DENIES the allegations in Paragraph 81.

82. Answering Defendant ADMITS the allegations in Paragraph 82.

The remainder of the complaint is a prayer for relief, and no response is required.

**AFFIRMATIVE DEFENSES**

Without admitting any allegation in the complaint, Answering Defendant asserts the following affirmative defenses:

1. Plaintiff's claims are preempted by the federal CAN-SPAM Act of 2003 (15 U.S.C. § 7701). CAN-SPAM preempts Plaintiff's state law claims because they do not sound in tort. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040 (9th Cir. 2009).

2. The complaint fails to state a claim upon which relief may be granted. Plaintiff's complaint fails to the extent the sending domain name in each of the emails at issue can be traced to the sender of each email. *See*, *e.g.*, *Kleffman v. Vonage Holdings Corp.*, 49 Cal. 4th 334 (Cal. 2010). Plaintiff's complaint fails to the extent the "subject" line in each of the emails at issue reasonably describes the contents of each email. *See*, *e.g.*, *Asis Internet Servs. v. Member Source Media, LLC*, 2010 U.S. Dist. LEXIS 47865.

3. Plaintiff failed to mitigate his alleged damages, if any. He failed to mitigate by requesting that Defendants remove his name from their email subscription lists. Plaintiff could have easily unsubscribed from these email lists by either clicking the opt-out link in any of the emails or by contacting Defendants at their places of business.

4. Plaintiff waived his claims. On information and belief, Plaintiff either opted in or took certain actions to induce Defendants and/or their affiliates to place their email addresses on the Defendants' email subscription lists.

5. Plaintiff's claims are barred by the doctrine of estoppel. On information and belief, Plaintiff either opted in or took certain actions to induce Defendants and/or their affiliates to place their email addresses on the Defendants' email subscription lists.

6. The damages alleged in the complaint, if any, were not caused by Defendants, but were caused by one or more third parties whose activities were not approved, ratified, or controlled by Defendants.

7. Plaintiff has failed to join one or more necessary and indispensable parties.

8. Answering Defendant reserves the right to add more defenses as discovery proceeds.

## PRAYER FOR RELIEF

Accordingly, Answering Defendant prays for the following relief:

A. Dismissal of the complaint with prejudice.

B. Attorneys' fees and costs, as allowed by law.

Respectfully submitted this 9th day of October 2013.

**NEWMAN DU WORS LLP**

_____
John Du Wors (State Bar No. 233913)
Leeor Neta (State Bar No. 233454)

Attorneys for Defendants
BioTrust Nutrition LLC and Joel Marion