# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-7343-RGK (Ex)** | Date | October 17, 2013 |
|---|---|---|---|
| Title | ***SILVERSTEIN v. BIO TRUST NUTRITION LLC et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On October 3, 2013, Defendant Bio Trust Nutrition LLC ("Defendant Bio Trust") removed this action from the Los Angeles Superior Court to the United States District Court, Central District of California on the basis of diversity of citizenship and the existence of a federal question. Plaintiff William Silverstein is a citizen of and an individual domiciled in California.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)). Federal jurisdiction based on diversity of citizenship requires that all parties to the action are completely diverse in citizenship, and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Defendant Bio Trust has not established that this Court may exercise jurisdiction over this case based on diversity of citizenship. Defendant Bio Trust states that Defendant Michael Persaud "was and is a citizen of and an individual domiciled in the State of California." Because Plaintiff is also a citizen and domiciliary of California, the presence of Defendant Persaud in this action appears to defeat complete diversity. Defendant Bio Trust asserts, however, that Defendant Persaud is fraudulently joined because "there is no factual basis for the claims pleaded against him." While it is true that the presence of a fraudulently joined defendant is ignored for purposes of diversity, *see Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003), Defendant Bio Trust has not pointed to any facts tending to show that Plaintiff does not have a legitimate claim against Defendant Persaud. Defendant Bio Trust's bare assertion that there is no factual basis for Plaintiff's claims against Defendant Persaud is insufficient to demonstrate that complete diversity of citizenship exists.

      For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

      **IT IS SO ORDERED.**

                                                                         :

Initials of Preparer